```
                              United States Bankruptcy Court
                                   District of Arizona
In re:                                                         Case No. 17-01480-SHG
EFRIN MATTHEW CARDENAS                                         Chapter 13
TRISHA LYNNETTE CARDENAS
        Debtors
                              CERTIFICATE OF NOTICE
District/off: 0970-2          User: estrellam            Page 1 of 3          Date Rcvd: Sep 18, 2018
                              Form ID: pdf010            Total Noticed: 67


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 20, 2018.
db/jdb       #+EFRIN MATTHEW CARDENAS,    TRISHA LYNNETTE CARDENAS,   2150 W ALAMEDA RD UNIT 1271,
               PHOENIX, AZ 85085-1916
cr            +U.S. BANK NATIONAL ASSOCIATION,   14841 Dallas Parkway, Suite 300,   Dallas, TX 75254-7883
14429125      +ARIZONA DEPARTMENT OF REVENUE,    ATTENTION BK PAYMENT UNIT,   c/o 1275 W WASHINGTON ST.,
               PHOENIX, AZ 85007-2926
14417199      +Alhambra Credit Union,   7339 N 35th Ave,   Phoenix AZ 85051-7479
14417204      +Asset Recovery Solutions,    2200 E DEVON AVE STE 200,   Des Plaines IL 60018-4501
14417205      +Brown Olcott PLC,   5201 N 7th Ave,   Phoenix AZ 85013-1924
14417206      +Bureau Of Medical Economics,    Attn: Bankruptcy,   Po Box #20247,   Phoenix AZ 85036-0247
14576570       CAPITAL ONE, N.A.,   C/O BECKET AND LEE LLP,   PO BOX 3001,   MALVERN PA 19355-0701
14427842      +CMRE Financial Services,   3075 E Imperisal Hwy Ste 200,   Brea CA 92821-6753
14417209      +Central Credit Services,    9550 Regency Square Blvd Ste 500,   Jacksonville FL 32225-8169
14417210      +Client Services Inc,   3451 Harry S Truman Blvd,   Saint Charles MO 63301-9816
14594951       Department Stores National Bank,    c/o Quantum3 Group LLC,   PO Box 657,
               Kirkland, WA 98083-0657
14417216      +Department Stores National Bank (DSNB),    Attn: Bankruptcy,   PO Box 8053,
               Mason OH 45040-8053
14427843      +Desert Valley Radiology PLC,   4045 E BELL RD #143,   Phoenix AZ 85032-2239
14417217       Encore Receivable Management Inc,    PO BOX 3330,   Olathe KS 66063-3330
14417218      +Firstsource Advantage LLC,   205 Bryant Woods South,   Amherst NY 14228-3609
14417219      +Galaxy International Purchasing LLC,    PO BOX 27740,   Las Vegas NV 89126-7740
14427844      +HonorHealth Physican Network Billing,    2500 W Utopia Rd #100,   Phoenix AZ 85027-4172
15061817       Indira Smjecanin,   Leonard McDonald,   Seventh Floor Camelback Esplanade II,
               2525 E. Camelback Rd, Phoenix, AZ 85016
14427845      +Lab Corp,   PO BOX 2240,   Burlington NC 27216-2240
14427846      +Lisa D Waller aka Lisa D Tadano,   11223 N 34 Dr,   Phoenix AZ 85029-4111
14417224      +Mark A. Kirkorsky PC,   PO BOX 25287,   Tempe AZ 85285-5287
14569926      +Pinnacle Credit Services, LLC its successors and,   assigns as assignee of Cellco,
               Partnership d/b/a Verizon Wireless,   Resurgent Capital Services,   PO Box 10587,
               Greenville, SC 29603-0587
14427848       Sonora Quest Laboratories,   PO BOX 52880,   Phoenix AZ 85072-2880
14476911      +SunWest Federal Credit Union,    c/o Robert C. Williams,   Gust Rosenfeld, P.L.C.,
               One E. Washington, Suite 1600,   Phoenix, AZ 85004-2553
14417234      +TD Retail Card Service,   1000 Macarthur Blvd,   Mahwah NJ 07430-2035
14516755      +TD Retail Card Services,    c/o Creditors Bankruptcy Service,   P.O. Box 800849,
               Dallas, TX 75380-0849
14417233      +Target,   C/O Financial & Retail Srvs,   Mailstopn BT POB 9475,   Minneapolis MN 55440-9475
14417235      +Tiffany & Bosco,   2525 E Camelback Rd FL 7,   Phoenix AZ 85016-9239
14541390     ++US BANK,   PO BOX 5229,   CINCINNATI OH 45201-5229
              (address filed with court: U.S. Bank National Association,   c/o U.S. Bank Home Mortgage,,
               a division of U.S. Bank NA,   4801 Frederica Street,   Owensboro, Kentucky 42301)
14417236      +US Bank Home Mortgage,   Attn: Bankruptcy,   PO Box 5229,   Cincinnati OH 45201-5229
14417237      +Villagio at Happy Valley Condo Assoc.,   c/o Brown Olcott PLLC,   373 S. Main Ave,
               Tucson, AZ 85701-2225

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: bankruptcynotices@azdor.gov Sep 19 2018 01:37:06      AZ DEPARTMENT OF REVENUE,
               BANKRUPTCY & LITIGATION,   1600 W. MONROE, 7TH FL.,   PHOENIX, AZ 85007-2650
14417203      +E-mail/Text: legal@arsnational.com Sep 19 2018 01:37:48      ARS National Services Inc,
               201 W Grand Ave,   Escondido CA 92025-2603
14417198       E-mail/Text: mtamsett@adminrecovery.com Sep 19 2018 01:39:17      Admin Recovery LLC,
               45 Earhart Dr Ste 102,   Williamsville NY 14221-7809
14427841       E-mail/Text: bkrpt@retrievalmasters.com Sep 19 2018 01:38:18
               American Medical Collection Agency,   PO BOX 1235,   Elmsford NY 10523-0935
14417200       E-mail/Text: bankruptcynotices@azdor.gov Sep 19 2018 01:37:06      Arizona Dept of Revenue,
               Special Operations Section,   1600 W MONROE ST RM 720,   PHOENIX AZ 85007-2612
14417202      +E-mail/Text: bankruptcy.notices@arizonafederal.org Sep 19 2018 01:39:28      Arizona Federal,
               Attn: Risk Management,   Po Box 60070,   Phoenix AZ 85082-0070
14417201      +E-mail/Text: bankruptcy.notices@arizonafederal.org Sep 19 2018 01:39:28      Arizona Federal,
               Attn: Bankruptcy,   PO Box 60070,   Phoenix AZ 85082-0070
14417207      +E-mail/Text: bankruptcy@cavps.com Sep 19 2018 01:39:10      Calvary Portfolio Services,
               500 Summit Lake Ste 400,   Valhalla NY 10595-2322
14417208      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Sep 19 2018 01:50:12       Capital One,
               Attn: General Correspondence/Bankruptcy,   Po Box 30285,   Salt Lake City UT 84130-0285
14412170      +E-mail/Text: bankruptcy@cavps.com Sep 19 2018 01:39:10      Cavalry SPV I, LLC,
               500 Summit Lake Drive, Ste 400,   Valhalla, NY 10595-2321
14417212       E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Sep 19 2018 01:37:59      Comenity Bank,
               PO BOX 182125,   Columbus OH 43218-2125
14417211      +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Sep 19 2018 01:38:00      Comenity Bank,
               dba Express Card,   220 W Schrock Rd,   Westerville OH 43081-2873
14417213       E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Sep 19 2018 01:38:00      Comenity Bank/the Buckle,
               Po Box 18215,   Columbus OH 43218
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)

```
14417214      +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Sep 19 2018 01:38:00      Comenitycb/gordon,
               Comenity Bank,    Po Box 182125,    Columbus OH 43218-2125
14417215      +E-mail/Text: csivels@creditcorpsolutionsinc.com Sep 19 2018 01:39:56
               Credit Corp Solutions Inc,    dba Tasman Credit Corp,    180 Election Rd Ste 200,
               Draper UT 84020-6406
14417220      +E-mail/Text: bknotice@healthcareinc.com Sep 19 2018 01:39:52      Healthcare Collections, Llc,
               Attn: Bankruptcy,    Po Box 82910,    Phoenix AZ 85071-2910
14417221       E-mail/Text: cio.bncmail@irs.gov Sep 19 2018 01:37:33      Internal Revenue Service,
               Centralized Insolvency Operations,    PO BOX 7346,    Philadelphia PA 19101-7346
14417222      +E-mail/Text: bnckohlsnotices@becket-lee.com Sep 19 2018 01:37:17      Kohls/Capital One,
               Kohls Credit,    Po Box 3043,    Milwaukee WI 53201-3043
14417223      +E-mail/PDF: resurgentbknotifications@resurgent.com Sep 19 2018 01:49:03      LVNV Funding LLC,
               c/o Resurgent Capital Services,    PO BOX 10497,    Greenville SC 29603-0497
14547888       E-mail/PDF: resurgentbknotifications@resurgent.com Sep 19 2018 01:49:02
               LVNV Funding, LLC its successors and assigns as,    assignee of NCOP X, LLC,
               Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
14578707       E-mail/PDF: resurgentbknotifications@resurgent.com Sep 19 2018 01:49:03
               LVNV Funding, LLC its successors and assigns as,    assignee of GE Money Bank,
               Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
14563339      +E-mail/Text: bankruptcydpt@mcmcg.com Sep 19 2018 01:38:19      MIDLAND FUNDING LLC,
               PO BOX 2011,    WARREN, MI 48090-2011
14417225       E-mail/Text: bankruptcydpt@mcmcg.com Sep 19 2018 01:38:19      Midland Credit Management,
               Attn: Bankruptcy,    PO BOX 60578,    Los Angeles CA 90060-0578
14417226      +E-mail/Text: bankruptcydpt@mcmcg.com Sep 19 2018 01:38:19      Midland Funding,
               Attn: Bankruptcy,    2365 Northside Dr Ste 300,    San Diego CA 92108-2709
14417227      +E-mail/Text: bnc@nordstrom.com Sep 19 2018 01:37:20      Nordstrom Fsb,    Correspondence,
               PO Box 6555,    Englewood CO 80155-6555
14417228       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 19 2018 01:50:15
               Portfolio Recovery Associates LLC,    130 Corporate Blvd,    Norfolk VA 23502
14593078       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 19 2018 01:53:09
               Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
14482669       E-mail/Text: bnc-quantum@quantum3group.com Sep 19 2018 01:38:09
               Quantum3 Group LLC as agent for,    Galaxy International Purchasing LLC,    PO Box 788,
               Kirkland, WA  98083-0788
14420420       E-mail/Text: bnc-quantum@quantum3group.com Sep 19 2018 01:38:09
               Quantum3 Group LLC as agent for,    Credit Corp Solutions Inc,    PO Box 788,
               Kirkland, WA  98083-0788
14427847      +E-mail/Text: bkdepartment@rtresolutions.com Sep 19 2018 01:38:52      Real Time Resolutions,
               1349 Empire Central Dr Ste 150,    Dallas TX 75247-4029
14417229      +E-mail/Text: bankruptcy@sccompanies.com Sep 19 2018 01:40:12      Seventh Avenue,
               Seventh Avenue, Inc,    1112 7th Ave,    Monroe WI 53566-1364
14417230      +E-mail/Text: agronek@mysunwest.com Sep 19 2018 01:40:13      SunWest Federal Credit Union,
               11839 N 28th Dr,    Phoenix AZ 85029-3395
14417231       E-mail/PDF: gecsedi@recoverycorp.com Sep 19 2018 01:50:09      Synchrony Bank dba Walmart,
               Attn: Bankruptcy Dept,    PO BOX 965060,    Orlando FL 32896-5060
14417232      +E-mail/PDF: gecsedi@recoverycorp.com Sep 19 2018 01:51:45      Synchrony Bank/Care Credit,
               Attn: Bankruptcy,    Po Box 956060,    Orlando FL 32896-0001
14592279      +E-mail/Text: bncmail@w-legal.com Sep 19 2018 01:38:50      TD Bank USA, N.A.,
               C/O Weinstein & Riley P.S.,    2001 Western Ave Ste. 400,    Seattle, WA 98121-3132
                                                                                              TOTAL: 35

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr                Indira Smjecanin
cr*              +SunWest Federal Credit Union,    c/o Robert C. Williams,    Gust Rosenfeld, P.L.C.,
                  One E. Washington,    Suite 1600,    Phoenix, AZ 85004-2553
14429127*        +ARIZONA DEPARTMENT OF REVENUE,    ATTENTION BK PAYMENT UNIT,    c/o 1275 W WASHINGTON ST.,
                  PHOENIX, AZ 85007-2926
14427849       ##+Van Ru Credit Corp,    1350 E Touhy Ave Ste 300E,    Des Plaines IL 60018-3342
                                                                                TOTALS: 1, * 2, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 20, 2018                                             Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 17, 2018 at the address(es) listed below:
              DANIEL E GARRISON    on behalf of Joint Debtor TRISHA LYNNETTE CARDENAS dan@turnaroundteam.com,
               teresie@turnaroundteam.com,brian@turnaroundteam.com,kyle@turnaroundteam.com,
               paula@turnaroundteam.com
              DANIEL E GARRISON    on behalf of Debtor EFRIN MATTHEW CARDENAS dan@turnaroundteam.com,
               teresie@turnaroundteam.com,brian@turnaroundteam.com,kyle@turnaroundteam.com,
               paula@turnaroundteam.com
              KYLE A. KINNEY    on behalf of Joint Debtor TRISHA LYNNETTE CARDENAS kyle@kinneylaw.net,
               paulahillock@kinneylaw.net
              KYLE A. KINNEY    on behalf of Debtor EFRIN MATTHEW CARDENAS kyle@kinneylaw.net,
               paulahillock@kinneylaw.net
              LEONARD 3 MCDONALD, JR.    on behalf of Creditor    Indira Smjecanin ecf@tblaw.com
              LEONARD 3 MCDONALD, JR.    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION ecf@tblaw.com
              ROBERT C WILLIAMS    on behalf of Creditor    SunWest Federal Credit Union rwilliams@gustlaw.com,
               tkendell@gustlaw.com
              RUSSELL   BROWN    ecfmailclient@ch13bk.com
              RUSSELL   BROWN    on behalf of Trustee RUSSELL   BROWN ecfmailclient@ch13bk.com
              U.S. TRUSTEE    USTPRegion14.PX.ECF@USDOJ.GOV
                                                                                            TOTAL: 10
```

Kyle A. Kinney (Bar No. 027189)
The Turnaround Team PLLC
1717 N. 77th Street, Suite 6
Scottsdale, AZ 85257
Telephone: 480-269-7077
kyle@kinneylaw.net

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| In re | Case No. 2:17-bk-01480-SHG |
|---|---|
| Efrin Matthew Cardenas; and<br>Trisha Lynnette Cardenas,<br><br><br><br>Debtor(s) | **CHAPTER 13 PLAN**<br><br>☐ Original<br>☑ Amended<br>☑ Modified<br>☐ Payments include post-petition mortgage payments<br>☑ Flat Fee/Administrative Expense<br>☐ Hourly Fee/Administrative Expense |

This Plan[1] includes the following (check all that are applicable):

☐ A limit on the amount of a secured claim, which may result in a partial payment or no payment to the secured creditor. See Section (C)(5)(b).
☐ Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest. See Section (C)(5)(c).
☑ Nonstandard Provisions. See Section (H).

**Your rights may be affected by this Plan. Your claim may be reduced, modified or eliminated. If you object to the treatment of your claim as proposed in this Plan or to any provision of this Plan, you must file a written objection by the deadline set forth below. The Bankruptcy Court may confirm this Plan without further notice if no objection is filed and the order is approved by the Trustee. See Bankruptcy Rule 3015 and Local Rule 2084-13.**

This Chapter 13 Plan is proposed by the above Debtor.[2] The Debtor certifies that the information contained in this Plan is accurate. A creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan and serve copies on the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 14 days after the date set for the first meeting of creditors, or any continuation of such meeting, or 28 days after service of the Plan, whichever is later. See Local Rule 2084-9.

This Plan does not allow claims or alter the need for timely filing any claim. For a creditor to receive a distribution for an unsecured claim, the creditor must file a proof of claim with the Court.

If confirmed, the Plan will modify the rights and duties of the Debtor and creditors, except secured creditors will retain their liens until the earlier of payment of the underlying debt or Debtor's discharge under Code § 1328[3]. If the case is dismissed or converted to another chapter (for example, Chapter 7) without completion of the Plan, each lien shall be retained to the extent recognized by applicable nonbankruptcy law.

---

[1] "Plan" includes the original plan and any amended or modified plan.
[2] If this is a joint case, then "Debtor" means both Debtors.
[3] "Code" means the United States Bankruptcy Code, 11 U.S.C. § 101 et. seq.

Pre-petition defaults will be cured using the interest rate set forth in the Plan or Code § 511, if applicable. Any ongoing obligation will be paid according to the terms of the Plan.

☑ This is an Amended or Modified Plan.

The reason(s) why Debtor filed this Amended or Modified Plan:
Debtors lost their house to foreclosure and have had to move and need a moratorium on plan payments for the months of July, August and September 2018 in order to have funds to move .

Summarize how the Plan varies from the last Plan filed: The obligation to U.S. Bank and Villagio at Happy Valley Condominium Association have been extinguished as a result of foreclosure; therefore those creditors have been removed from the Plan and Moratorium requested for July, August and September of 2018 has been calculated into remaining payments .

**(A) Plan Payments and Property to be Submitted to the Trustee.**

Plan payments start on ___March 20___, 20 _17_ . The Debtor shall pay the Trustee as follows:

$___725.00___ each month for month _1_ through month _11_ .
$___765.00___ each month for month _12_ through month _15_ . $667.18 each month for months 19 through 60
$_____-0-___ each month for month _16_ through month _18_ .

The proposed Plan duration is _60_ months. The applicable commitment period is _36_ months.
See Code § 1325(b)(4). In addition to plan payments and, if applicable, mortgage conduit payments, Debtor will submit the following property to the Trustee:

**(B) Trustee's Percentage Fee.** The Trustee shall collect upon receipt a percentage fee from all plan payments (including mortgage payments) and property received, not to exceed 10%.

**(C) Administrative Expenses and All Claims.**

**(1)** Until the Court confirms the Plan the Trustee will make adequate protection payments under Section (C)(1)(a) below, mortgage conduit payments under Section (C)(1)(b), if applicable, and pay other sums as ordered by the Court. Other disbursements will be made after the Court confirms the Plan. Unless otherwise provided for in Section (H) below, disbursements by the Trustee shall be pro rata within classes and made in the following order:

**(a)** *Adequate protection payments to creditors secured by personal property.*

☐ **None.** *If "None" is checked, the rest of Section (C)(1)(a) is not to be completed.*

Pursuant to Local Rule 2084-6, the Trustee is authorized to make monthly pre-confirmation adequate protection payments to a secured creditor without a Court order, provided the claim is properly listed on Schedule D, a secured proof of claim is filed that includes documentation evidencing a perfected security agreement, and the Debtor or creditor sends a letter to the Trustee requesting payment. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, adequate protection payments will continue until the claim is paid in full, <u>unless</u> the confirmed Plan or a Court order specifies a different treatment. If a creditor disagrees with the amount of the proposed adequate protection payments or the Plan fails to provide for such payments, the creditor may file an objection to confirmation of this Plan and/or file a motion pursuant to Code §§ 362 or 363.

| Creditor | Property Description | Collateral Value | Monthly Amount |
|---|---|---|---|
| SunWest Federal Credit Union | 2015 Ford Mustang | 17,900.00 | 490.00 |

☐ **Nonstandard Provisions**. See Section (H).

**(b)** *Mortgage Conduit Payments.*

☑ **None.**

The Trustee shall disburse Conduit Payments to a Real Property Creditor without regard to whether the Court has confirmed a Plan or the Real Property Creditor has filed a proof of claim. See Section (C)(4)(c) and Local Rule 2084-4.

**(2)** *Administrative expenses.* Code § 507(a)(2).

**(a)** *Attorney fees.* Debtor's attorney has agreed to:

☐ A flat fee of $ _____, of which $ _____ was paid before the filing of the case (See Local Rule 2084-3);

**or**

☑ File a fee application for payment of a reasonable amount of fees. The estimated amount of fees to be paid by the Trustee, subject to Court order, is $ __5825.46__, of which $ __400.00__ was paid before the filing of the case from March 2017 to December 2017 fees have been awarded prior counsel Brian Blum in t he sum of 5425.46.

**(b)** *Additional Services.* Counsel for the Debtor has agreed to charge a flat fee for the following additional services provided to the Debtor:

(i) Before Confirmation:
   ☐ Adversary proceedings $ _____.
   ☐ Lien Avoidance Actions $ _____.
   ☐ Preparing and filing of any motion to sell property $ _____.
   ☐ Other Flat Fees for _____ $ _____.

(ii) After Confirmation:
   ☑ Preparing and filing of Modified Plan $ __1500__.
   ☐ Responding to motion to dismiss and attendance at hearings $ _____.
   ☐ Defending motion for relief from the automatic stay $ _____.
   ☐ Adversary proceedings $ _____.
   ☐ Lien Avoidance Actions $ _____.
   ☐ Preparing and filing of any motion to sell property $ _____.
   ☐ Other Flat Fees for any of the above for $1,500 each  $ __1500.00__.

All other additional services will be billed at the rate of $ __250__ per hour for attorney time and $ __190__ per hour for paralegal time. Counsel will file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include *all* time expended in the case in the separate fee application.

**(c)** *Other Professional Expenses*:

|  |
|---|
|  |

**(3)** *Leases and Unexpired Executory Contracts*.

☑ **None.** *If "None" is checked, the rest of Section (C)(3) is not to be completed.*

Pursuant to Code § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with sums owing, the arrearage will be cured by periodic plan payments. Unless the Court orders otherwise, the arrearage amount shall be the amount stated in the creditor's allowed proof of claim.

**(a)** *Assumed.*

No interest will be paid on the prepetition arrearage unless otherwise stated in Nonstandard Provisions at Section (H). A creditor identified in this paragraph may mail to the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without such being a violation of the automatic stay.

| Creditor | Property Description | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|---|
|  |  |  |  |

☐ **Nonstandard Provisions**. See Section (H).

**(b)** *Rejected.*

| Creditor | Property Description |
|---|---|
|  |  |

☐ **Nonstandard Provisions**. See Section (H).

**(4) Creditors with a Security Interest in Real Property.**

☑ **None.** *If "None" is checked, the rest of Section (C)(4) is not to be completed.*

**(a)** *Claim Wholly Unsecured.* The Debtor considers any real property creditor listed below to have an unsecured claim under Code § 506(a) as senior liens are greater in amount than the value of the real property. Unless disallowed or otherwise ordered, each of the following shall be classified as a wholly unsecured claim under Section (C)(7) below. This provision shall not alter the status of a claim otherwise entitled to be classified as a priority under Code § 507(a)(8).

| Creditor | Property Description | Value of Collateral | Total Amount of Liens with Greater Priority |
|---|---|---|---|
|  |  |  |  |

**(b)** *No Pre-Petition Mortgage Arrears*. To the extent there are no pre-petition arrears, regular post-petition mortgage payments shall be paid directly by the Debtor to the secured creditor.

| Creditor | Property Address | Post-Petition Payments by Debtor |
|---|---|---|
|  |  |  |

**(c)** *Curing of Default and Maintenance of Payments.* Prepetition arrearages, including fees and costs, as well as the regular post-petition payments shall be paid through the Plan by the Trustee. No interest will be paid on the prepetition arrearage unless otherwise stated in Nonstandard Provisions. Unless the Court orders otherwise, the arrearage amount shall be the amount stated in the creditor's allowed proof of claim.

A creditor identified in this paragraph may mail the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without violating the automatic stay.

| Creditor or Property Servicing Agent | Property Description | Current Monthly Payment | Estimated Arrearage Amount Owed and Date Owed Through | Interest Rate, if applicable (i.e. HOA's) |
|---|---|---|---|---|
|  |  |  |  |  |

☐ **Nonstandard Provisions**. See Section (H).

**(5)** *Claims Secured by Personal Property or a Combination of Real and Personal Property.*

☑ **None.** *If "None" is checked, the rest of Section (C)(5) is not to be completed.*

Claims under paragraphs (a) and (b) that are included in the plan payment will be paid concurrently and pro rata.

**(a)** *Unmodified Secured Claims.*

☑ **None.** *If "None" is checked, the rest of Section (C)(5)(a) is not to be completed.*

A claim stated in this subparagraph (i.e. 910 claims) will be paid in full under the Plan with interest at the rate stated below, which may vary from the contract interest rate. Unless otherwise ordered, the principal amount to be paid will be as stated in the creditor's proof of claim. The holder of a claim will retain the lien until the earlier of payment of the underlying debt determined under nonbankruptcy law or discharge under Code § 1328, at which time the lien will terminate and shall be released by the creditor. Federal tax liens shall continue to attach to property excluded from the bankruptcy estate under Code § 541(c)(2) until the Internal Revenue Service is required to release the liens in accordance with nonbankruptcy law.

| Creditor | Property Description | Estimated Amount to be Paid on Secured Claim | Proposed Interest Rate |
|---|---|---|---|
|  |  |  |  |

☐ This debt has nonfiling codebtor(s) other than a spouse.
  Name(s) of other individual(s) liable: _____
  Post-petition payments to be made by: ☐ Trustee; or
                                        ☐ Nonfiling codebtor.

☐ **Nonstandard Provisions**. See Section (H).

**(b)** *Modified Secured Claims.*

☑ **None.** *If "None" is checked, the rest of Section (C)(5)(b) is not to be completed.*

Secured creditors listed below shall be paid the amount shown below as the Amount to be Paid on Secured Claim, with such amount paid through the Plan payments. If the Plan proposes to pay a Secured Claim less than the amount asserted in the proof of claim, then the holder of the Secured Claim must file a timely objection to the Plan. If the principal amount of the creditor's proof of claim is less than the Amount to be Paid on Secured Claim, then only the proof of claim amount will be paid. If a creditor fails to file a secured claim or files a wholly unsecured claim, the debtor may delete the proposed payment of a secured claim in the order confirming plan. The holder of a timely filed secured claim will retain its lien until the earlier of payment of the underlying debt determined under nonbankruptcy law or discharge under Code § 1328, at which time the lien will terminate and shall be released by the creditor. Any proposed adequate protection payments are provided for in Section (C)(1)(a) above.

| Creditor and Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to be Paid on Secured Claim | Proposed Interest Rate |
|---|---|---|---|---|
|  |  |  |  |  |

☐ **Nonstandard Provisions**. See Section (H).

**(c) Lien Avoidance.**

☑ **None.** *If "None" is checked, the rest of Section (C)(5)(c) need not be completed.*

The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under Code § 522(b). Unless ordered otherwise, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Section (C)(7) to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See Code § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien. All information for the avoidance of the lien(s) must be provided.*

| Information regarding judicial lien or security interest | Information regarding calculation of lien avoidance and treatment of remaining secured claim |
|---|---|
|  |  |

**(6)** *Priority, Unsecured Claims, Other Than Debtor's Attorney Fees.*

☐ **None.** *If "None" is checked, the rest of Section (C)(6) is not to be completed.*

All allowed claims entitled to priority treatment under Code § 507 shall be paid in full, pro rata:

**(a)** *Unsecured Domestic Support Obligations*. The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date are to be cured in the plan payments. The amount to be paid will be adjusted to the creditor's allowed claim amount, through the claim process. If the holder of a domestic support obligation disagrees with the treatment proposed in this Plan, the holder must file a timely objection.

| Creditor | Estimated Arrearage |
|---|---|
|  |  |

**(b)** Other unsecured priority claims.

| Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|
| IRS | Taxes | 125.00 |

    ☐ **Nonstandard Provisions**. See Section (H).

**(7)** *Nonpriority, Unsecured Claims.* Allowed unsecured, nonpriority claims shall be paid pro rata the balance of payments, if any, under the Plan. The amount to be paid or actually paid may differ from the Plan Analysis, depending on the Plan confirmation process and claims allowance.

    ☐ **Nonstandard Provisions**. See Section (H).

**(D) <u>Surrendered Property</u>.**

    ☒ **None.** *If "None" is checked, the rest of Section (D) is not to be completed.*

Debtor surrenders the following property to the secured creditor. Upon confirmation of this Plan or except as otherwise ordered, bankruptcy stays are lifted as to the collateral to be surrendered. Any claim filed by such creditor shall receive **no** distribution until the creditor files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Should the creditor fail to file an amended deficiency claim consistent with this provision, the Trustee need not make any distributions to that creditor.

| Entity | Brief Description of Property |
|---|---|
|  |  |

**(E) <u>Vesting</u>.** Except as stated in this paragraph, property of the estate shall vest in the Debtor upon confirmation of the Plan.

    ☐ The following property shall vest in the Debtor upon Plan completion:

| Brief Description of Property |
|---|
|  |

    ☐ **Nonstandard Provisions.** See Section (H).

**(F) <u>Tax Returns</u>**. While the case is pending, the Debtor shall provide to the Trustee a copy of any post-petition tax return within 14 days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except:

| Unfiled Tax Returns |
|---|
| 2017 |

**(G) <u>Funding Shortfall</u>.** Debtor will cure any funding shortfall before the Plan is deemed completed.

**(H) Nonstandard Provisions.** Any Nonstandard Provision included herein must not be inconsistent with the Code or Local Rules and must identify the provision of the Plan being modified, the proposed modification and the justification for the modification. Any Nonstandard Provision placed elsewhere in this Plan is void. The Debtor submits the following provisions that vary from Section (C) of the Local Plan Form:

☑ **None.** *If "None" is checked, the rest of Section (H) is not to be completed.*
☐ Provide the detail required above.

| Nonstandard Provisions |
|---|
| *[State the provision(s) with reference to relevant paragraph(s)]* |

**(I) Plan Summary.** If there are discrepancies between the Plan and this Plan Analysis, the provisions of the confirmed Plan control.

(1) Trustee's Compensation (10% of Total of Plan Payments to Trustee)......................................................... $ 3,664.85
(2) Administrative Expenses (§ (C)(2)) ........................................................................................................ $ 4,653.51
(3) Leases and Executory Contracts (§ (C)(3))............................................................................................ $ 0
(4)(a) Conduit Mortgage Payments (§ (C)(4)(c)) ......................................................................................... $ 0
(4)(b) Arrearage Claims Secured Solely by Real Property (§ (C)(4)(c))..................................................... $ 0
(5)(a) Claims Secured by Personal Property or Combination of Real & Personal..................................................
   Property (§ (C)(5)) - Unmodified.................................................................................................... $
(5)(b) Claims Secured by Personal Property or Combination of Real & Personal Property (§ (C)(5)) - Modified... $ 29400.00
(6) Priority Unsecured Claims (§ (C)(6))..................................................................................................... $ 125.00
(7) Unsecured Nonpriority Claims (§ (c)(7)) .............................................................................................. $ 0
(8) Total of Plan Payments to Trustee......................................................................................................... $ 37,843.36

**(J) Section 1325 analysis.**

(1) Best Interest of Creditors Test:

   (a) Value of Debtor's interest in nonexempt property.......................................................................... $ 0
   (b) Plus: Value of property recoverable under avoidance powers ..................................................... $ 0
   (c) Less: Estimated Chapter 7 administrative expenses..................................................................... $ 335
   (d) Less: Amount payable to unsecured, priority creditors................................................................. $ 125
   (e) Equals: Estimated amount payable to unsecured, nonpriority claims if Debtor filed Chapter 7.... $ 0

(2) Section 1325(b) Analysis:

   (a) Monthly Disposable Income, Form B 122C-2 (if less than $0, then state $0................................. $ 0
   (b) Applicable Commitment Period.................................................................................................... x 60
   (c) Total of Line (2)(a) amount x 60.................................................................................................... $ 0
(3) Estimated Payment to Unsecured, Nonpriority Creditors Under Plan ................................................ $ 0

**Certification by Debtor(s) and Attorney for Debtor(s): No changes were made to the Model Plan, other than the possible inclusion of relevant Nonstandard Provisions in Section (H).**

Dated: _____September 14_____, 20 _18_.

_s/Efrin Matthew Cardenas_     _Trisha Lynnette Cardenas_
Debtor                         Debtor


_s/ Kyle A. Kinney_
Attorney for Debtor